UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Alfred Brochu, <br><br> Plaintiff, <br><br> v. <br><br> Michael Touchette, Commissioner, <br> Vermont Department of Corrections, <br><br> Defendant. | Civil Action No. 2:21–cv–259–cr–kjd |

# REPORT AND RECOMMENDATION
(Doc. 44)

Plaintiff Alfred Brochu is a self-represented Vermont inmate incarcerated at Tallahatchie County Correctional Facility (TCCF) in Mississippi. This case arises out of TCCF officials' alleged seizure of Brochu's personal property during a "cell-shake." (Doc. 4 at 1.) After unsuccessful efforts within the prison setting to have his property returned to him, Brochu filed a Complaint in Superior Court for Review of Governmental Action under Vermont Rule of Civil Procedure 75.[1] (Doc. 4.) Brochu's Complaint requested that the Superior Court order Respondent Department of Corrections (DOC) Commissioner to answer his grievances; remove a prison unit manager due to her alleged "bias and racist attitude;" "[r]eturn or replace every item of [Brochu's] canteen seized without due process;" and ensure that grievance forms are available to all inmates. (Doc. 4 at 3.)

---

[1] Under the Rule, "[a]ny action or failure or refusal to act by an agency of the state or a political subdivision thereof, including any department, board, commission, or officer, that is not reviewable or appealable under Rule 74 . . . or Rule 4 or 5 of the Vermont Rules for Environmental Court proceedings may be reviewed in accordance with this rule if such review is otherwise available by law." Vt. R. Civ. P 75.

The claims were litigated as a Rule 75 matter for almost two years in the Superior Court. As further detailed in this Report and Recommendation, the Superior Court issued a ruling on October 4, 2021 addressing the Commissioner's Motion for Reconsideration of certain prior rulings in the case. (Doc. 42.) Noting the State's argument that "Brochu's property claim is not cognizable under Rule 75," the Superior Court observed that "one need look no further than 42 U.S.C. § 1983 when claiming a violation of due process." (*Id.* at 2.) On October 21, 2021, the Commissioner removed the action to this Court. The Commissioner's Notice of Removal asserted that the Superior Court's October 4, 2021 order "converted Plaintiff's Complaint seeking judicial review pursuant to Vermont Rule of Civil Procedure 75 into a Complaint seeking relief pursuant to 42 U.S.C. § 1983," which in the Commissioner's view rendered Plaintiff's claim removable under 28 U.S.C. § 1441(a) as a federal question over which the United States district courts have original jurisdiction. (Doc. 1.)

Plaintiff contends that the Commissioner's removal of this action is untimely and therefore requests remand of the matter to the Superior Court. The Commissioner opposes Plaintiff's Motion for Remand, asserting that his Notice of Removal is timely.

For the reasons discussed below, I recommend that Plaintiff's Motion for Remand to State Court (Doc. 44) be GRANTED.

I.      **Procedural History and Allegations of Plaintiff's Complaint**

In December 2019, Plaintiff commenced this action against former Commissioner Michael Touchette in Washington County Superior Court. Plaintiff alleges that "[d]uring a cell-shake, significant amounts of Petitioner's personal property was seized." (Doc. 4 at 1.) Plaintiff further alleges:

> Respondents . . . believed that Petitioner was running a 'store' and not all of the property was his.
>
> Running a 'store' is a violation of inmate disciplinary rules, but Petitioner was never charged.
>
> Petitioner submitted numerous staff contact forms to the Respondents in which [he] objected to the seizure of his property and demanded that his property be returned to him.
>
> Receiving no substantive response to his staff contacts[,] Petitioner began to pursue his administrative remedies.

(*Id.* at 1–2.) Plaintiff also claims that, in addition to the property issue, he submitted grievances pertaining to the alleged "bias and racism" of a unit manager against white inmates, and his lack of access to "required forms and grievances." (*Id.* at 2–3.) In his request for relief, Plaintiff seeks the removal of the unit manager "from any position of authority," the return or replacement of each item of property "seized without due process," and that "all required forms and grievances" be "available in the living units." (*Id.* at 3.) The Complaint contains no factual allegations pertaining specifically to the Commissioner.

In June 2020, the Commissioner moved to dismiss the action on the following grounds: Plaintiff failed to exhaust administrative remedies; Plaintiff's Complaint was untimely under Rule 75; and Plaintiff failed to state a cognizable Rule 75 claim as to TCCF officials. (*See* Doc. 5.) On July 16, 2020, the Superior Court signed an Entry Order granting dismissal "on the grounds of exhaustion [and] tardiness." (Doc. 6; *see also* Doc. 3 at 1.)

After the filing of the Entry Order granting the motion to dismiss, Plaintiff filed an opposition to the motion to dismiss and a Motion to Alter or Amend Judgment and Motion for Relief from Judgment. The Commissioner opposed Plaintiff's Motions. (Docs. 7–9.) On September 17, 2020, Superior Court Judge Robert Bent signed an Entry Order granting in part Plaintiff's motion. (Doc. 10.) Judge Bent struck the July 16, 2020 Entry Order, and stated that

he would consider Plaintiff's opposition to the Commissioner's Motion to Dismiss the Complaint, and permit the Commissioner an opportunity to respond to Plaintiff's opposition. (*Id*.)

In a written decision filed on March 19, 2021, Judge Bent granted the Commissioner's Motion to Dismiss as to the Plaintiff's property claim and staff bias claim. (Doc. 20 at 4.) In pertinent part, Judge Bent determined that Mr. Brochu failed to exhaust his administrative remedies with respect to his property claim. He noted that Plaintiff grieved the property issue under Vermont's general grievance procedure, but he "did not pursue his property claim under Vermont's more specific property-grievance procedure." (Doc. 20 at 1.) The court further noted that Plaintiff had not pursued his property claim in accordance with CoreCivic's "more specific property-grievance procedure." (*Id*.) Judge Bent also held that "[e]ven if Mr. Brochu had properly presented his property and staff bias claims under Vermont's grievance procedure, he has failed to frame those claims in such a manner as to reveal that either would be cognizable under Rule 75." (*Id.* at 3.) Judge Bent did not dismiss the grievance form claim, however, concluding that Vermont statute protects the right of access to the grievance process and therefore a plaintiff may enforce that right against the State of Vermont in a Rule 75 proceeding. (*Id*. at 3–4.)

In April 2021, Plaintiff requested reconsideration of the dismissal of his property claim, and in May 2021 Defendant moved for summary judgment on the remaining grievance form claim. (Docs. 22, 26.) On July 30, 2021, Judge Bent granted Plaintiff's motion for reconsideration and denied Defendant's motion for summary judgment. With respect to the property claim, the court explained:

4

> Mr. Brochu sought reconsideration, submitting with his briefing what appears to be an official CoreCivic policy directing Vermont inmates to direct all grievances *to Vermont officials*. . . .
>
> . . .
>
> Mr. Brochu's property was seized as contraband, and he has sought to challenge that. It had appeared clear that he had a post-deprivation process available (the CoreCivic property grievance procedure), and he had simply not taken advantage of it. At this point, the record is so confused with regard to what process actually was available, if any, due to the State's repeated contradictions, that the court is unable to discern whether any clear grievance process responding to the seizure of Mr. Brochu's property was reasonably available to him . . . . The court rescinds so much of its dismissal decision as addresses this matter.

(Doc. 36 at 1–2.) The claims were to be decided at a hearing on the merits.

The Commissioner requested that the Superior Court reconsider its decisions to reinstate the property claim and deny summary judgment on the grievance form claim. (Doc. 38.) In his October 4, 2021 Order denying the motion, Judge Robert Mello explained:

> Mr. Brochu has a due process interest in the seized property. He claims that he has never been given a post-deprivation opportunity to prove ownership. The State insists that he has because he was able to provide receipts or property slips for some of the property. But his claim is that he has never been given an opportunity to prove that CoreCivic permitted him to keep the seized property and failed to give him receipts for it. The State has never responded to that argument, other than to assert that he has not provided those receipts, which is nonresponsive.
>
> The State also has repeatedly argued that Mr. Brochu's property claim is not cognizable under Rule 75. It may not be, but one need look no further than 42 U.S.C. § 1983 when claiming a violation of due process. He has no need of Rule 75 for this claim. To the extent that the court may have implied otherwise previously, that portion of the dismissal decision already was rescinded and will not be reinstated.

(Doc. 42 at 2.) The Order concluded: "The court sees no need to modify its July 30, 2021 decision." (*Id.* at 3.) On October 21, 2021, Defendant removed the case to this Court.

5

**II.   Discussion**

The federal removal statute provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending.

28 U.S.C. § 1441(a).  Therefore, a civil action may only be removed to federal court if it "could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotation marks omitted).  This is because removal jurisdiction "implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum." *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 324 (S.D.N.Y. 2005).  Accordingly, the "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011).

The Commissioner contends that the Superior Court "converted" Plaintiff's Complaint into a § 1983 action, and therefore this Court has subject matter jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331.  *See* Notice of Removal (Doc. 1 at 1).  Whether a claim "arises under" federal law for purposes of § 1331 is determined by the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S.

6

386, 392 (1987). According to the well-pleaded complaint rule, a plaintiff is "the master of the claim" such that "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. Thus, the fact that the plaintiff's claim "could be stated under federal law does not prevent him from stating it under state law only." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). When a plaintiff has elected to proceed on a state-law claim, federal jurisdiction "may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc v. Thompson*, 478 U.S. 804, 810 n.6 (1986).

"A case is removable when the initial pleading enables the defendant to 'intelligently ascertain' removability from the face of such pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) (internal quotation marks omitted). "A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition." *Id.* (cleaned up). If removability is not apparent from the allegations in the initial pleading, then a court must determine whether "an amended pleading, motion, order or other paper" allowed the defendant to "ascertain[] that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Accordingly, "to satisfy section 1446(b)[(3)], a defendant must show (1) that the original complaint was not removable on its face at the time it was filed and (2) that another 'paper' changed the status of the case, making it clear that the complaint was removable." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 347 (S.D.N.Y. 2005).

With respect to the timing of removal, the notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of summons upon the defendant." 28 U.S.C. § 1446(b)(1). However, in cases where removal was not proper

based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

After removal, a plaintiff may seek remand of the case "on the basis of any defect." 28 U.S.C. § 1447(c). However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

## III.     Whether Plaintiff's Action Was Properly Removed

Plaintiff argues that removal was untimely because "Defendants were on notice [since the filing of the Complaint] that Plaintiff's claim was that his property was seized and unlawfully retained without affording him due process." (Doc. 44 at 2.)  The Commissioner responds that because "the Superior Court's order, for the first time, held that Plaintiff was asserting a due process claim under § 1983," the case only became removable at that time. (Doc. 45 at 3–6.) Therefore, in order to determine whether the Commissioner's notice of removal was timely filed under § 1446, the Court considers (1) whether the original Complaint enabled the Commissioner to "intelligently ascertain" the removability of the Plaintiff's claims; and (2) if it is determined that the Complaint was not removable, whether the October 4, 2021 Superior Court Order provided the basis for removal of this action to federal court.

### A.     The Complaint Was Not Removable When Filed in Superior Court

Applying the well-pleaded complaint rule, to find federal question jurisdiction, "plaintiff's statement of his own cause of action [must] show[] that it is based" on federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (internal quotation marks omitted). As masters

8

of their complaint, Plaintiffs are free to choose the statutory provisions under which they will bring their claims. *See Romano v. Kozacos*, 609 F.3d 512, 518 (2d Cir. 2010); *see also The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon . . . .").

As an initial matter, Plaintiff filed his Complaint in the Superior Court seeking "review of governmental action" under Vermont Rule of Civil Procedure 75. (Doc. 4 at 1.) The Complaint does not explicitly reference 42 U.S.C. § 1983 or any other federal cause of action. As the Commissioner notes, "[t]he parties litigated this case as a Rule 75 case for approximately two years." (Doc. 45 at 4.) However, a plaintiff cannot avoid federal jurisdiction by "artful pleading." *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27 (2d Cir. 1988). In other words, a plaintiff cannot defeat removal "by framing in terms of state law a complaint 'the real nature of which is federal, regardless of plaintiff's characterization,' or 'by omitting to plead necessary federal questions in a complaint.'" *Id.* at 27–28. (internal quotation marks omitted).

In opposing removal of his action to this Court, Plaintiff contends that the Commissioner's October 2021 notice of removal was untimely because the basis for removal under federal question jurisdiction was apparent on the face of the Complaint when it was filed in 2019. (Doc. 44 at 5.) He specifically asserts that "Defendants had sufficient notice that Plaintiff's claim was based upon a deprivation of his right [to] due process, a claim that could be reasonably construed to vest [the Court] with original jurisdiction under the provisions of 42 U.S.C. § 1983, well before Judge Mello entered his October 4, 2021 decision." *Id*. As this Court has explained, however, the mere use of terms associated with federal claims is insufficient by itself to "automatically trigger federal-question jurisdiction or convert . . . state-law claims into a federal cause of action." *Perez v. Touchette*, Civil Action No. 2:20-cv-23-cr-

jmc, 2020 WL 5634364, at *4 (D. Vt. Aug. 10, 2020), *report and recommendation adopted sub nom. Perez v. Baker*, 2020 WL 5634119 (Sept. 21, 2020); *see also Holloway v. S.C. Dep't of Corr.*, Civil Action No. 5:13-1473-MGL, 2013 WL 4693925, at *3 (D.S.C. Aug. 30, 2013) ("[Use] of words commonly associated with certain federal claims does not automatically mean that federal claims are intended when other aspects of a state[-]court pleading implicate only state[-]court claims.").

Plaintiff's Complaint does not include a statutory reference to 42 U.S.C. § 1983, or to any specific federal Constitutional right, or other right provided under federal law. Instead, Plaintiff chose to bring his action under Vermont Rule of Civil Procedure 75, a mechanism allowing judicial review of state administrative decisions. Because Plaintiff's Complaint did not allege a cause of action under § 1983, this Court would not have had federal question jurisdiction over the Complaint when it was filed. *Romano*, 609 F.3d at 518 (explaining plaintiffs are "free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available"). As Plaintiff's Complaint was not removable as filed, he cannot defeat removal on the grounds that the well-pleaded allegations of the Complaint required removal within 30 days of its filing in Superior Court.

  **B.** **The action did not become removable as a result of the Vermont Superior Court's October 4, 2021 Order.**

The Commissioner asserts that this Court has federal question jurisdiction over Plaintiff's Complaint because the Superior Court's Order "converted" the Complaint from a review of government action under Vermont Rule of Civil Procedure 75 into an action seeking relief under 42 U.S.C. § 1983. The parties' dispute centers on whether the removal was timely. To the extent that the October 4, 2021 order provided a basis to remove the Complaint to federal court, the Commissioner's Notice of Removal was timely filed on October 21, 2021. Separate from the

timeliness issue, however, the Commissioner has not sustained his burden to show that the Court may exercise federal jurisdiction over this case.

Under certain circumstances, a court order may render a case removable to federal court. For example, a state-court order may provide a basis for removal if the effect of the order is to establish the requisite amount in controversy for diversity jurisdiction. *See, e.g.*, *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015) (holding that state-court order triggered 30-day removal period because it certified a larger class than plaintiff had proposed, increasing amount in controversy and establishing diversity jurisdiction). Similarly, a case may be removed when a state court issues an order granting a motion to amend the complaint to add federal claims. *See, e.g., Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (complaint initially raising state-law tort claims became removable after state court granted a motion to amend the complaint to add federal labor-law claims).

In contrast to these state-court orders that clearly resulted in federal jurisdictional bases, the intent of the October 4, 2021 Order is ambiguous and does not compel the conclusion that the Superior Court determined to "convert" this Rule 75 Complaint into a claim under § 1983. There is no indication in the Order that Judge Mello intended to judicially convert the Plaintiff's Rule 75 claims into a § 1983 claim. Such a "conversion" would amount to a substantial recharacterization of Plaintiff's Complaint, a recharacterization that would be expected to involve an explicit ruling to effectuate the Superior Court's intent. Judge Mello's Order evinces no such intent. Rather, the operative language upon which the Commissioner relies comes at the conclusion of a decision on the State's motion for reconsideration in which the court observes that "the record has become confused and may also be incomplete," which suggests that the court did not intend a definitive judgment to convert the pending cause of action into another legal

11

claim. (Doc. 42 at 1.) In that same order, the court appears to express frustration with the lack of clarity as to the applicable grievance procedure:

> The State's fundamental argument is that Mr. Brochu has failed to exhaust his property claim because he failed to pursue it under CoreCivic Policy 14-6, as the court had initially ruled. This may yet prove to be the case. However, after the court's dismissal ruling, the record became confused as to which grievance policies (Vermont's or CoreCivic's) Vermont inmates are supposed to use and to whom they are to be submitted (Vermont or CoreCivic personnel). The State's position appears to be that they should use some of both, but it has not, thus far anyway, convincingly explained exactly which, under what circumstances, and how Vermont inmates in Mississippi are reasonably to understand all that. Inmates should not have to analyze Vermont's contract with CoreCivic to understand which grievance policies apply.

(Doc. 42 at 1–2.)

The court then appears to consider the State's claim that Rule 75 is not the appropriate procedural mechanism to address Plaintiff's property claim. Judge Mello observed that "[i]t may not be, but one need look no further than 42 U.S.C. § 1983. He has no need of Rule 75 for this claim." (*Id.* at 2.) This language is tentative in part ("[i]t may not be"), and in light of the Order's comment that the record had become confused as to the governing grievance policies, it suggests that the court did not intend *sua sponte* to transform the action into a cause of action under federal law. Rather, Judge Mello appeared to be engaging the State's contention that Plaintiff's claim was not cognizable under Rule 75 and merely opining as to other legal mechanisms to address the property issues raised. Nor did he explicitly state that the matter had become—by virtue of the Order—a § 1983 claim. Given the Superior Court's apparent concern about the state of the factual record and the governing grievance procedures (necessarily raising questions about the precise nature of the claims under review), and in the absence of a definitive order recharacterizing the Rule 75 Complaint into a § 1983 case, it is my recommendation the

Court conclude that the October 4, 2021 Order did not "convert" Plaintiff's Complaint into a § 1983 action.

Therefore, applying the required narrow construction of the removal statute, and "resolving any doubts against removability," *Platinum-Montaur Life Sciences, LLC*, 943 F.3d at 617, the Order does not provide a basis to remove Plaintiff's Complaint to federal court.

Separate from the fact that the Superior Court's order did not establish federal jurisdiction, federal court does not appear to be the appropriate forum for Plaintiff's property claims. "It is well settled that a § 1983 claim brought in federal court is not the appropriate forum to urge violations of prison regulations or state law." *Holland v. City of New York*, 197 F. Supp. 3d 529, 549 (S.D.N.Y. 2016) (internal quotation marks omitted). This is because "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993). An alleged violation of a prison policy or regulation, standing alone, does not give rise to a federal claim because "[f]ederal constitutional standards rather than state law define the requirements of procedural due process." *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 (2d Cir.1990). The same is true with respect to Plaintiff's allegations that the Commissioner failed to respond to his grievances. A prison's failure "to follow its own policies, including a failure to address prisoner grievances, is not sufficient to make out a civil rights claim." *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008); *see also Brown v. G.P. Dodson*, 863 F. Supp. 284, 285 (W.D. Va. 1994) ("Because a state grievance procedure does not confer any substantive constitutional right upon prison inmates, prison officials' failure to comply with the state's grievance procedure is not actionable under § 1983.").

To the extent that Plaintiff's claim regarding the continued confiscation of his property is construed as attempting to state a procedural due process claim, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). This is precisely the issue that was under consideration in the Superior Court before the case was removed to federal court. Plaintiff alleges that he completed the grievance process, *see* Doc. 4 at 3 ("Petitioner . . . eventually exhausted his entire administrative grievance procedure"), and now seeks state-law remedies to redress the alleged continuing property deprivation.

For the reasons stated above, the Superior Court's October 4, 2021 Order did not vest this Court with subject matter jurisdiction over Plaintiff's action. Accordingly, it is my recommendation that the matter be remanded to the Superior Court for further proceedings. *See* 28 U.S.C. §1447(c) ("If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## **Conclusion**

For the reasons discussed, I recommend Plaintiff's Motion for Remand to State Court (Doc. 44) be GRANTED.

Dated at Burlington, in the District of Vermont, this 5th day of August 2022.

/s/ Kevin J. Doyle
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).